**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | Case No. 2:25-mj-00310 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| CARSON A. BIGHAM, : | MAGISTRATE JUDGE JOLSON |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter comes before this Court on Defendant Carson A. Bigham's Motion for the Revocation of Detention (ECF No. 23) pursuant to 18 U.S.C. § 3145(b). The Magistrate Judge previously ordered Defendant detained pending trial, finding by clear and convincing evidence that there was no condition or combination of conditions of release that would reasonably assure the safety of any other person and the community. (ECF No. 17 at 3). The Government opposed Defendant's Motion. (ECF No. 27). For the reasons stated at the detention hearing on October 31, 2025 and set forth herein, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

Mr. Bigham is a firefighter in the Columbus area who is charged with possession of child pornography. (ECF No. 1 at 1). The Government alleges that in August 2024, Bigham, using an alias, began communicating with a one Mr. Richard Tyler Campbell over Snapchat, where they discussed having sex with minors. (ECF No. 27 at 3). Campbell sent Bigham a video of an adult man engaging in sex acts prepubescent minor who appeared to be 6 or 7 years old. Bigham expressed gratitude and requested specific child pornography from Campbell, including pornography that would depict the minor child "bent over" in the way that Bigham "[would] want

1

her." (*Id.* at 4). The two met at a restaurant for lunch, where they watched child pornography on Campbell's phone—including videos of a minor victim being sexually assaulted. Campbell told Bigham that this video showing sexual assault of a minor depicted Campbell. (*Id.* at 5).

Law enforcement executed a search warrant of Campbell's residence in February 2025, and after reviewing Campbell's devices, discovered the correspondence with Bigham. Campbell was arrested in March 2025, and Bigham was arrested and ordered temporarily detained on May 22, 2025. (*Id.* at 2–3; ECF No. 11 at 1). The Magistrate Judge held a detention hearing on May 27 where the Government proffered Bigham's full confession to law enforcement; Bigham was ordered detained pending trial. (ECF No. 27 at 6–7). Law enforcement completed its forensic review of Bigham's cellular phone following his detention, locating his correspondence with Campbell, along with "one other file of child pornography." (*Id.* at 7). Bigham moved to revoke his detention pursuant to 18 U.S.C. § 3145(b) on September 19, 2025, arguing that no substantial "trove" of child pornography had materialized. (ECF No. 23 at 1–2). The Government opposed revocation of his pre-trial detention, and on October 31, this Court heard argument on the issue.

## II. STANDARD OF REVIEW

"If a person is ordered detained by a magistrate judge . . . the person may file . . . a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "The motion shall be determined promptly." *Id.* A district court reviews a magistrate judge's detention order *de novo*, making an independent determination of the proper pretrial detention or conditions for release. *United States v. Wooden*, 2025 WL 407373, at *1 (S.D. Ohio Feb. 5, 2025) (Marbley, J.). The district court must evaluate four factors laid out in 18 U.S.C. § 3142(g), including the nature and circumstances of the offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to the community.

The purpose of the § 3142(g) inquiry is to determine whether pretrial detention is necessary, and to ensure that if the defendant is released, the defendant will appear before the court for trial, with the community safe in the interim. The court does not evaluate the defendant's guilt or innocence at this stage. *See* 18 U.S.C. § 3142(j). The Federal Rules of Evidence do not apply to detention matters, and a court may consider both hearsay and evidence provided by proffer. 18 U.S.C. § 3142(f); *United States v. Stone*, 608 F.3d 939, 948–49 (6th Cir. 2010).

### III.  LAW & ANALYSIS

This Court first considers whether the Defendant has successfully rebutted the presumption favoring detention that applies for offenses involving minor victims, before turning to the § 3142(g) factors and considering whether the Government has met its burden of persuasion.

### A.  Presumption of Detention

For certain offenses, such as "offense[s] involving a minor victim" including those under 18 U.S.C. §§ 2252 and 2252A, if the judicial officer finds probable cause, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). To rebut this presumption, the defendant must produce "[some] evidence [showing] that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (6th Cir. 2010) (internal quotation marks and citations omitted). The Government retains the burden of persuasion. *Id.*

Bigham is charged with possessing and receiving child pornography in violation of 18 U.S.C. §§ 2252 and 2252A, and thus, the presumption in favor of detention applies. Bigham must come forward with *evidence* that he is not a danger to the community and does not pose a risk of flight to rebut this presumption. *See United States v. Brown*, 2008 WL 2098070, at *2 (S.D. Ohio May 16, 2008).

3

Bigham's only evidentiary argument is that after the Magistrate Judge's detention order, the forensic review of his electronic devices revealed only "a single additional video" of child sexual abuse material "in allocated space on one of the devices." (ECF No. 23 at 2). Thus, according to Bigham, no trove of child pornography has materialized. As the Government points out, this is *not* evidence showing that Bigham is not a danger to the community or that he does not pose a risk of flight. (ECF No. 27 at 8). This video is actually further evidence (albeit only one additional item of evidence) showing the danger that Bigham poses to the community because it is a video of child sexual abuse that was in Bigham's possession.

Separately, Bigham argued that he was subject to varying degrees of manipulation and extortion by Campbell and felt his safety was threatened by Campbell. But this argument that Bigham was manipulated or coerced is conclusory and fails to demonstrate that Bigham is not a danger or a flight risk. And any argument regarding Bigham's background or lack of criminal history similarly fails because it is not evidence demonstrating how he would not be a danger. *Cf. United States v. Tripplett*, 2020 WL 6702118, at *1 (N.D. Ohio Nov. 13, 2020).

An unrebutted presumption requires detention, and the presumption here is unrebutted because Bigham has not presented "some evidence" addressing danger or risk of flight. *United States v. Hamilton*, 2023 WL 8461636, at *2 (W.D. Ky. Dec. 6, 2023) (requiring detention where the defendant did not offer evidence rebutting the presumption as to danger). Moreover, for the following reasons, this Court finds that even if Bigham had shown some evidence and met his burden to rebut the presumption of pretrial detention, the § 3142(g) factors still favor keeping him detained pending trial.

4

**B. Pre-Trial Detention Review**

To determine whether detention is appropriate, this Court is obligated to consider whether there are conditions of release that will reasonably assure both Bigham's "appearance" and "the safety of any other person and the community." 18 U.S.C. § 3142(g). In doing so, the Court considers four factors: (1) "the nature and circumstances of the offense;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* The Government has the burden of showing that no conditions of release can ensure that the defendant will appear and assure the safety of the community. *Wooden*, 2025 WL 407373, at *2. Risk of flight is determined by the preponderance of the evidence, while dangerousness must be supported by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); 18 U.S.C. § 3142(f). Even when the presumption in favor of detention is rebutted, it "remains a factor to be considered." *Stone*, 608 F.3d at 945 (internal quotation marks and citations omitted).

The Government raises both flight and safety concerns regarding Bigham's pretrial release. For the following reasons, the Court finds that the § 3142(g) factors favor keeping Bigham detained pending trial due to the nature and seriousness of the danger he would pose if released. This Court finds that the Government has met its burden to show, by clear and convincing evidence, that Bigham is a danger to others and the community.

### 1. *Safety of Others and the Community*

First, the nature and circumstances of Bigham's offense are serious. This Court is expressly directed by statute to consider whether the offense "is a crime of violence, . . . or involves a minor victim." 18 U.S.C. § 3142(g)(1). Bigham is charged with possession of child

5

pornography, which is a crime of violence that implicates minor victims and creates a market for child exploitation. *United States v. Hammond*, 2025 WL 3018775, at *2 (S.D. Ohio Oct. 29, 2025) (Marbley, J.). The Government alleges that Bigham made escalating requests for child pornography, met with Campbell to watch child pornography in public, and received video that purported to show Campbell abusing a minor. (ECF No. 27 at 4–5). This factor militates in favor of detention.

Second, in considering the weight of evidence, this Court considers evidence of Bigham's *dangerousness*, not guilt. *Stone*, 608 F.3d at 948. Here, the weight of evidence of Bigham's dangerousness is apparent. Carson Bigham is a firefighter entrusted with public safety. Yet, according to the Government, Bigham requested child pornography from Campbell. Bigham did not notify authorities when he was under the impression that Campbell was abusing a minor; instead, he plotted with Campbell to have sexual relations with a minor he believed to be Campbell's niece. (ECF No. 27 at 4–5). Bigham was excited and sexually stimulated by minors being abused, failed to report this abuse, and allegedly stated that his sexual interest in 12-to-15-year-old minors presented challenges because they could "remember faces, tattle, whatever." (*Id.* at 3–4). He even left his underwear and a used condom for Campbell outside the Columbus fire station he worked at as a "show of good faith." (*Id.* at 12–13). Bigham used his own fire station as a personal playground for his fetishes and took brazen, public steps to view and obtain more child pornography. This demonstrates the danger that he would pose to minors and the public if released. This factor also weighs in favor of detention.

Third, Bigham's history and characteristics are, at best, neutral. True, he has no prior criminal record, and the Government has not discovered evidence of a "trove" of child pornography in his possession. (ECF Nos. 14 at 3; 23 at 1–2). Bigham also has family and

6

community ties and no history of substance abuse. (*See* ECF No. 14 at 1–3). Yet, as the Magistrate Judge correctly observed, Bigham's actions demonstrate his duplicity to the community while he served in a position of public trust as a firefighter. (ECF No. 28 at 23). At any rate, this factor does not overcome the others. *Cf. United States v. King*, 2022 WL 3645996, at *4 (E.D. Tenn. Aug. 24, 2022) (finding that a firefighter's "ability to conceal his activity from his family . . . outweigh[ed] [the] positive aspects of his history and characteristics").

Fourth, the danger posed by Bigham's release would be serious, and weighs strongly in favor of detention. As an initial matter, Bigham "has actively encouraged a market and created an economic incentive for child exploitation and abuse." *Hammond*, 2025 WL 3018775, at *2 (citing *United States v. Brune*, 767 F.3d 1009, 1021 n.9 (10th Cir. 2014)). Even in cases without any physical contact to "an actual child," courts find that child exploitation "causes real, lasting harm to real victims and may warrant detention." *United States v. Kiper*, 2022 WL 943958, at *5 (E.D. Ky. Mar. 29, 2022). In this case, Bigham not only requested specific child pornography but also believed that he was taking steps toward engaging in sexual conduct with a minor. Bigham's actions in this regard were uninhibited. He met with Campbell, watched pornography in public, and left his underwear and a used condom at his fire station. He recognized that his sexual interest in minors aged 12-15 presented a risk that they would "tattle," and expressed effusive gratitude when Campbell sent him a video of a man engaging in sex acts a prepubescent minor who appeared to be 6 or 7 years old. (ECF No. 27 at 3–4). Considering his uninhibited behavior, Bigham's release would raise an "extreme danger" to the community. *United States v. Darling*, 2024 WL 1363977, at *3 (S.D. Ohio Apr. 1, 2024). This factor strongly weighs in favor of detention.

In sum, even if Bigham had rebutted the presumption in favor of detention, three of the four § 3142(g) factors weigh strongly in favor of detention for dangerousness.[1] However, the mere fact that § 3142(g) factors weigh in favor of detention does not *per se* lead to the conclusion that any danger Bigham poses cannot be alleviated, and safety assured, by a combination of conditions. *See* 18 U.S.C. § 3142(f). Therefore, the Court considers what conditions, if any, could secure Bigham's release.

### 2. *Conditions Securing Release*

Assuming that Bigham was released and could reside either at his home residence or with his extended family, as suggested by the Pretrial Services Report (*see* ECF No. 14), there is no guarantee that all conditions, especially the restrictions on his ability to obtain pornography, could be enforced. Bigham was able to commit the alleged crimes from the privacy of his home, armed with internet access, and the notion of returning him to a similar environment of privacy is concerning. *See United States v. Pece*, 2020 WL 6263640, at *7 (N.D. Ohio Oct. 23, 2020); *United States v. Sammons*, 2020 WL 613930, at *6 (S.D. Ohio Feb. 10, 2020).

Moreover, Bigham would pose a real risk to minors in his own extended family. Bigham maintains contact with his parents and extended family, and Bigham's mother babysits for an infant granddaughter. This is why Bigham could not reside with his parents if he were to be released. Instead, Pretrial Services suggested Bigham could reside either at his home or with his grandparents. Yet these residences appear to be close to Bigham's parents' home. (ECF No. 14 at 1–2). Given that Bigham maintains contact with his family, has expressed a sexual interest in minors, and has suggested that younger pre-pubescent minors might be preferable victims, the Court cannot countenance Bigham's release where he would be in proximity to a potential victim.

---

[1] The Court need not take up the Government's alternative argument regarding flight risk.

8

In light of the presumption favoring detention and the factors set forth in 18 U.S.C. § 3142(g), this Court finds by clear and convincing evidence that Bigham is a continuing danger to the community and no conditions short of detention are likely to protect public safety. *Cf. United States v. Creed-Boehm*, 2025 WL 1145021, at *4–5 (6th Cir. Apr. 18, 2025).

## IV. CONCLUSION

For these reasons, and as discussed at the October 31 hearing, Defendant Carson Bigham's Motion is **DENIED**. Defendant is **ORDERED** to remain in the custody of the United States Marshal pending trial.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 18, 2025**

9